**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-4511

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ALFONSO ROMAN BRITO, a/k/a Casper,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Statesville.  Kenneth D. Bell, District Judge.  (5:21-cr-00070-KDB-SCR-1)

Submitted:  July 30, 2025                                    Decided:  October 7, 2025

Before NIEMEYER, HEYTENS, and BENJAMIN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Christopher S. Edwards, WARD & SMITH, P.A., Wilmington, North Carolina, for Appellant.  Amy Elizabeth Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A federal jury convicted Alfonso Roman Brito of conspiring to distribute and possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846 (Count 1); and distributing and aiding and abetting the distribution of methamphetamine, in violation of 18 U.S.C. § 2; 21 U.S.C. § 841(a)(1), (b)(1)(A) (Count 22).  The district court sentenced Brito to 300 months' imprisonment.

On appeal, Brito's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but questioning whether the indictment provided Brito adequate notice of the charges against him; whether sufficient evidence supported his convictions; whether the district court reversibly erred by responding to a jury question during deliberations; whether the court erroneously calculated Brito's advisory Sentencing Guidelines range; and whether the court adequately pronounced the discretionary conditions that will govern Brito's term of supervised release. Although he was notified of his right to do so, Brito has not filed a supplemental pro se brief.  The Government has declined to file a response brief.  We affirm.

I

First, because Brito did not challenge the sufficiency of the indictment in the district court, our review is for plain error only.  Under this standard, we "will correct an unpreserved error if (1) an error was made; (2) the error is plain; (3) the error affects substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Harris*, 890 F.3d 480, 491 (4th Cir. 2018) (citation modified).

2

"An indictment must contain the elements of the offense[s] charged, fairly inform a defendant of the charge[s], and enable the defendant to plead double jeopardy as a defense in a future prosecution for the same offense[s]." *United States v. Barringer*, 25 F.4th 239, 246-47 (4th Cir. 2022) (citation modified). "The indictment must also contain a statement of the essential facts constituting the offense[s] charged." *Id.* at 247 (citation modified); *see also* Fed. R. Crim. P. 7(c)(1) (setting forth requirements for nature and content of indictment). "[W]hen a post-verdict challenge to the sufficiency of an indictment is made, every intendment is . . . indulged in support of sufficiency." *United States v. Quinn*, 359 F.3d 666, 673 (4th Cir. 2004) (citation modified).

To establish the conspiracy charged in Count 1, the Government was required to prove that "(1) an agreement to distribute and possess methamphetamine with intent to distribute existed between two or more persons; (2) [Brito] knew of the conspiracy; and (3) [Brito] knowingly and voluntarily became a part of this conspiracy." *United States v. Ath*, 951 F.3d 179, 185 (4th Cir. 2020) (citation modified). To establish a distribution offense under 21 U.S.C. § 841(a), as charged in Count 22, the Government was required to prove "(1) distribution of the narcotic controlled substance, (2) knowledge of the distribution, and (3) intent to distribute the narcotic controlled substance." *United States v. Purks*, 139 F.4th 388, 401 (4th Cir. 2025) (citation modified). Upon review, we discern no plain error. The indictment sufficiently listed the elements of the offenses and included adequate factual information—namely, the dates and location of these offenses—to "fairly inform [Brito] of the charge[s] and enable [him] to plead double jeopardy as a defense in a future prosecution for the same offense." *Barringer*, 25 F.4th at 246-47 (citation modified).

3

II

Next, Brito preserved his challenges to the sufficiency of the evidence by moving for a judgment of acquittal in the district court. "We review the sufficiency of the evidence de novo, sustaining the verdict if, viewing the evidence in the light most favorable to the Government, it is supported by substantial evidence." *United States v. Wysinger*, 64 F.4th 207, 211 (4th Cir. 2023) (citation modified). "Substantial evidence is that which a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *United States v. Robinson*, 55 F.4th 390, 401 (4th Cir. 2022) (citation modified). "A defendant bringing a sufficiency challenge . . . bears a heavy burden, and reversal is warranted only where the prosecution's failure is clear." *Wysinger*, 64 F.4th at 211 (citation modified).

The Government presented substantial evidence—in the form of testimony from five witnesses, including two codefendants; cell phone records; recorded phone calls; Facebook records; and seized methamphetamine and corresponding laboratory reports— that while he was incarcerated in the Georgia Department of Corrections, Brito orchestrated a conspiracy to distribute methamphetamine from Georgia to the Western District of North Carolina. Brito testified in his own defense, asserting that inmates share cell phones, and that although he used the identified Facebook accounts and phone number for personal correspondence with friends and family, he was not the individual who orchestrated methamphetamine transactions using the same Facebook account and phone number. To this end, Brito contended that the Government only presented a small fraction of the voluminous Facebook records available, suggesting that the Government had

4

cherry-picked the records that tended to implicate him, while excluding exculpatory information. "The jury, not the reviewing court, weighs credibility and resolves conflicts in the evidence; and if the evidence supports different, reasonable interpretations, the jury decides which interpretation to believe." *Wysinger*, 64 F.4th at 211 (citation modified). Upon review of the record, we conclude that substantial evidence supports each of Brito's convictions.

### III

*Anders* counsel next questions whether the district court erred by answering "yes" in response to a question from the jury about whether the Government had provided all of the recovered Facebook correspondence to the defense. "We review a district court's decision to respond to a jury's question, and the form of that response, for an abuse of discretion." *United States v. Foster*, 507 F.3d 233, 244 (4th Cir. 2007), *abrogated on other grounds by United States v. Banks*, 29 F.4th 168 (4th Cir. 2022). "In answering a jury's question, a district court is charged with the responsibility of responding to the apparent source of confusion accurately, without creating prejudice." *United States v. Burgess*, 684 F.3d 445, 453 (4th Cir. 2012). "An error requires reversal only if it is prejudicial in the context of the record as a whole." *Foster*, 507 F.3d at 244.

During trial, both Brito and defense counsel emphasized the significant amount of Facebook communication that the Government had not introduced into evidence. The court explained to the parties that it believed the jurors were attempting to determine the proper inference to draw from the arguments that voluminous records were not shown to them during trial. Brito objected to the court answering the question, but he did not dispute

5

the truth of the Government's unequivocal assertion that it had produced all Facebook records during discovery. The court's succinct answer of "yes" properly "respond[ed] to the apparent source of confusion accurately, without creating prejudice," *Burgess*, 684 F.3d at 453, in the most concise way possible. Moreover, afterward, the court took the additional step of sua sponte re-confirming with the parties that the Government had produced all of the Facebook records. Accordingly, the court did not abuse its discretion by answering the jury's question.

## IV

Turning to Brito's sentence, we review "all sentences—whether inside, just outside, or significantly outside the [Sentencing] Guidelines range—under a deferential abuse-of-discretion standard." *United States v. Torres-Reyes*, 952 F.3d 147, 151 (4th Cir. 2020) (citation modified). "First, we 'ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, . . . failing to consider the [18 U.S.C.] § 3553(a) factors, . . . or failing to adequately explain the chosen sentence.'" *United States v. Fowler*, 948 F.3d 663, 668 (4th Cir. 2020) (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)). "If the sentence 'is procedurally sound, [this] court should then consider the substantive reasonableness of the sentence,' taking into account the totality of the circumstances." *United States v. Provance*, 944 F.3d 213, 218 (4th Cir. 2019) (quoting *Gall*, 552 U.S. at 51). Any sentence within or below a properly calculated Guidelines range is presumptively reasonable, and Brito bears the burden of demonstrating the sentence is unreasonable when measured against the § 3553(a) factors. *United States v. Devine*, 40 F.4th 139, 153 (4th Cir. 2022).

6

We conclude that Brito's sentence is procedurally and substantively reasonable. We discern no reversible error in the district court's resolution of Brito's objections to the presentence report, nor did the court reversibly err by calculating the advisory Guidelines range of 360 months to life imprisonment. The court also thoroughly explained its reasons for imposing its chosen below-Guidelines-range sentence of 300 months' imprisonment. Specifically, the court acknowledged that Brito had been a contributing member of society and "a good family man" prior to his state incarceration, and that he faced a tremendous amount of pressure in the prison environment. The court also addressed Brito's argument that his codefendant, whose criminal history was markedly worse than his, received a 15-year sentence. But the court explained its belief that Brito, as the supplier, was more culpable than his codefendant, and it further emphasized that Brito's codefendant had accepted responsibility and cooperated with the Government. In light of the court's thorough explanation, Brito has failed to overcome the presumption of reasonableness accorded his sentence.

Finally, the court sufficiently pronounced the discretionary conditions that will govern Brito's supervised release. *See United States v. Rogers*, 961 F.3d 291, 296, 299 (4th Cir. 2020) (explaining that district court is required to orally pronounce at sentencing all discretionary conditions of supervised release but may satisfy this obligation through incorporation). Accordingly, we conclude that Brito's sentence is both procedurally and substantively reasonable.

7

V

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Brito, in writing, of the right to petition the Supreme Court of the United States for further review. If Brito requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Brito.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*